# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ELVA ROSA CARRIZALES-MARTINEZ, ) ) Petitioner, ) ) v. ) LORETTA LYNCH,[1] ) ) Respondent. ) | Case No.: 7:16-cv-01179-LSC-JHE |

## MEMORANDUM OPINION

On June 11, 2018, the magistrate judge entered a Report and Recommendation ("R&R") (doc. 16), recommending that the petition for writ of habeas corpus be dismissed for lack of jurisdiction. Petitioner Elva Rosa Carrizales-Martinez ("Petitioner" or "Carrizales-Martinez") has filed objections to the R&R. (Doc. 17). The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

### I. Analysis

Carrizales-Martinez raises three main objections to the R&R: (1) that the magistrate judge incorrectly determined this court lacks jurisdiction over her claims; (2) that that magistrate judge misconstrued her claims; and (3) that the doctrine of judicial estoppel requires that the R&R be stricken or rejected. The court addresses each of these in turn.

---

[1] At the time this petition was filed, Respondent Loretta Lynch was Attorney General of the United States. On February 8, 2017, Jefferson B. Sessions, III was confirmed by the Senate as Attorney General.

### A. Jurisdiction and Suspension Clause

First, Carrizales-Martinez argues the magistrate judge erred by concluding this court lacks jurisdiction over her claims under the REAL ID Act of 2005, and that she must instead present her arguments to the appropriate court of appeals. (Doc. 17 at 2-8). Carrizales-Martinez does not point to a specific error by the magistrate judge. Instead, attempting to show that her claims can only be considered in a habeas petition pursuant to 28 U.S.C. § 2241, Carrizales-Martinez reiterates her arguments that she cannot exhaust administrative remedies such that her claims could be considered by a court of appeals in the first place. To support this, she refers the court to the instructions for Executive Office of Immigration Review ("EOIR") Form 26a. (Doc. 17 at 3). Carrizales-Martinez states the instructions indicate that an appeal is subject to summary dismissal by the Board of Immigration Review ("BIA") if, *inter alia*, it is "barred by an affirmative waiver of the right to appeal that is clear on the record." (*Id.*). Because Carrizales-Martinez has made such a waiver, she says, she may not seek review by the BIA. (*Id.*). And because she may not seek review by the BIA, she argues, she may not satisfy the jurisdictional prerequisite for review by a court of appeals. (*Id.* at 5-6). She concludes that on the unique facts of her petition, the unavailability of judicial review requires that, pursuant to the Suspension Clause of the United States Constitution, her case must be considered in a § 2241 habeas petition in this court. (Doc. 17 at 6-8).

The most Carrizales-Martinez's reference to the EOIR Form 26a instructions can support is that her waiver of her right to appeal means a request for review before the BIA may be subject to summary dismissal. It does not follow that a summary dismissal would prevent Carrizales-Martinez from seeking review by a court of appeals because courts of appeals frequently review such dismissals, including when the basis is an alien's waiver of the right to

2

appellate review. *See Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014) (reviewing such a claim); *Ramirez v. U.S. Atty. Gen.*, 571 F. App'x 892, 893 (11th Cir. 2014) (same).[2] Additionally, the court of appeals could exercise jurisdiction over the BIA's rejection of a motion to reopen removal proceedings (if Carrizales-Martinez filed one) regardless of the reason for that rejection. *Mata v. Lynch*, 135 S. Ct. 2150, 2154-55 (2015) ("Whether the BIA rejects the alien's motion to reopen because it comes too late or because it falls short in some other respect, the [circuit] courts have jurisdiction to review that decision.") (alteration added).

To the extent that Carrizales-Martinez argues that the Suspension Clause of the United States Constitution requires her claims be considered in a § 2241 habeas petition (doc. 17 at 6-8), the magistrate judge addressed this argument in the R&R, determining that the Eleventh Circuit has already rejected the argument Carrizales-Martinez advances. (*See* doc. 16 at 6-7). Again, Carrizales-Martinez does not point to any specific error in the magistrate judge's conclusion. Instead, she simply rehashes arguments she previously presented to the magistrate judge. The magistrate judge correctly determined that the Suspension Clause does not require this court to assume jurisdiction over Carrizales-Martinez's claims when Congress has foreclosed that jurisdiction.

**B. Misconstrued Claims**

Next, Carrizales-Martinez alleges the magistrate judge misconstrued two of her claims. Carrizales-Martinez argues the magistrate judge misconstrued one of these claims because he did

---

[2] Under 8 U.S.C. § 1252(b)(2), "[a] petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." It is unclear from Carrizales-Martinez's habeas petition which court of appeals provides the appropriate venue, but given the factual allegations in the petition it appears it is either the Fifth Circuit or the Eleventh Circuit.

not reproduce it verbatim in the R&R. (Doc. 17 at 8-10). The specific language Carrizales-Martinez objects to is the magistrate judge's characterization of an argument in her traverse, about which he states: "Carrizales-Martinez responds that the detainer issued by Department of Homeland Security demonstrates she has not been released from DHS custody, and her present confinement with the Bureau of Prisons is merely temporary." (Doc. 16 at 4). Although Carrizales-Martinez reproduces her argument in full (*see* doc. 17 at 9), she does not point to any authority to support that a magistrate judge errs as a general matter by paraphrasing an argument. Additionally, she never explains how the magistrate judge misstated her argument or misinterpreted her claim by paraphrasing it. Finally, beyond acknowledging the argument, the magistrate judge did not reach the issue of the "in custody" habeas requirement at all, concluding instead that this court lacks jurisdiction over Carrizales-Martinez's claims. (Doc. 16 at 8 n.6). Therefore, even if the magistrate judge misstated Carrizales-Martinez's claim, his error was harmless.

Second, Carrizales-Martinez objects to the magistrate judge's statement that she "asks this court to consider the merits of her claim of eligibility for a § 212(c) waiver and then vacate the petitioner's removal order, asserting this case should be remanded for further proceedings, affording the petitioner with the correct interpretation of law . . . ." (Doc. 17 at 11). Instead, Carrizales-Martinez states she "requests the ability to **apply** for relief as it was available to her on September 03, 1996, and the ability to utilize habeas corpus . . . ." (*Id.* at 12). However, Carrizales-Martinez omits the fact that in large part, this statement she quotes from the R&R is itself a quotation from her memorandum in support of her petition (*see* doc. 16 at 7-9) (quoting doc. 2 at 17-22), in which she actually does ask that her removal order be vacated and this case remanded. The magistrate judge analyzed Carrizales-Martinez's petition and memorandum

4

according to its terms.  Further, it is not clear precisely how Carrizales-Martinez contends this alleged error impacted the magistrate judge's consideration of her claims.  Carrizales-Martinez's objection to this portion of the R&R is without merit.

### C. Judicial Estoppel

Finally, Carrizales-Martinez argues the magistrate judge erred when he "amended the Respondents motion" by concluding judicial review was available to her.  (Doc. 17 at 13-16). Specifically, Carrizales-Martinez states that "Respondents in their motion to show cause with the district court had encouraged the petitioner that Asylum or Withholding of Removal was applicable to her circumstances, which it was not" (*id.* at 14), and that "a magistrate judge is not permitted to amend the legal conclusions asserted by a party in response and opposition in the course of legal proceedings" (*id.* at 16), which the magistrate judge is alleged to have done by finding judicial review is available to Carrizales-Martinez via a different route.  Carrizales-Martinez "requests that the district court exercise Judicial Estoppel to prevent the amended theory from altering the course of these proceedings" by "strik[ing] the Magistrate's report and recommendation as a fraud on the court, or, interim, adjudicate the petitioner's claims on the merits favorably as a matter of law." (*Id.* at 15-16).

Under the doctrine of judicial estoppel, "where **a party** assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)) (emphasis added).  The magistrate judge is not a party to this action, and the doctrine does not apply to his legal conclusions.  Nor is it the case that the magistrate judge was bound to accept

5

that only the type of judicial review identified by Respondents was available to Carrizales-Martinez, especially when considering the fundamental question of this court's jurisdiction over Carrizales-Martinez's petition. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 74 U.S. 506 (1868)) (internal quotation marks and alteration omitted). The court declines to strike the R&R or reach the merits of Carrizales-Martinez's petition when jurisdiction is lacking.

## II. Conclusion

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be DISMISSED WITHOUT PREJUDICE. A separate Order will be entered.

**DONE** AND **ORDERED** ON JULY 3, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704